**Robert FREE, on his own behalf and on behalf of the class he seeks to represent aka Robert Galvin, Plaintiff—Appellant,**

v.

**CITY OF SEATTLE; et al., Defendants—Appellees.**

No. 04–35675.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2006.*

Decided April 18, 2006.

John R. Scannell, Esq., Seattle, WA, for Plaintiff–Appellant.

Stephen P. Larson, Esq., Stafford Frey Cooper, Seattle, WA, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before: CANBY, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Appellant Robert Free appeals the district court's orders denying his motion for class certification and granting summary judgment for Appellees the City of Seattle, Seattle Mayor Paul Schell, Seattle Chief of Police Norm Stamper, and John Does # 1 through # 22 regarding Free's federal claims, under 42 U.S.C. § 1983, and his state law negligence claim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Free's response to Appellees' summary judgment motion failed to establish either that a genuine issue of material fact existed as to whether Appellees violated his First Amendment, Fourth Amendment, Fourteenth Amendment, or state common law rights, or that a continuance would lead to discovery of such issue.[1] More particularly, Free failed to establish how the identity of John Doe police officers would create a genuine issue of material fact as to whether the officers' use of tear gas, rubber bullets, and pepper spray was unreasonable under the circumstances.

We review *de novo* a district court's grant of summary judgment. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 898 (9th Cir.2006). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

"The district court's decision not to permit additional discovery pursuant to Rule 55(f) is ... reviewed for abuse of discretion." *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir.2001). Federal Rule of Civil Procedure 56(f) permits a district court to order a continuance if the party opposing the summary judgment motion has shown that he has not been able to "present by affidavit facts essential to justify the party's opposition." "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance*, 242 F.3d at 1161 n. 6.

■ The district court did not abuse its discretion by denying Free's request for a continuance to discover the identities of John Doe police officers because Free did

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. After providing an extensive background of the WTO demonstrations, we decided in *Menotti v. City of Seattle*, 409 F.3d 1113 (2005), several issues similar to those presented by Free's complaint. We affirmed the district court's grant of summary judgment that the emergency order restricting the Seattle downtown area to particular classes of people did not, on its face, violate the First Amendment. *Id.* at 1128–37. We also reversed the district court's summary judgment order as to an as-applied challenge to the emergency order because triable issues of fact remained as to whether police had followed a municipal policy by excluding only anti-WTO demonstrators from the restricted area. *Id.* at 1146–48. However, because Free did not establish how a continuance would create a genuine issue of material fact, we do not reach to what extent *Menotti* would otherwise foreclose his claims.

not show how such discovery would create a genuine issue of material fact. *See id.*

■ Because Free did not otherwise respond to Appellees' motion for summary judgment, Free's § 1983 and state law claims fail as a matter of law. Fed. R. Civ. Proc. 56(c).

We need not address the district court's denial of class certification because the district court correctly granted summary judgment. *See Skokomish Indian Tribe v. United States,* 410 F.3d 506, 519 (9th Cir. 2005) (en banc).

AFFIRMED.